## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **PATRICK DIONNE,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO.** |
| | ) | **12-11319-DJC** |
| **SUFFOLK COUNTY SHERIFF** | ) | |
| **DEPARTMENT,** | ) | |
| **Respondent.** | ) | |

### MEMORANDUM AND ORDER

**CASPER, J.**                                                            **August 14, 2012**

**I.      Introduction**

On July 19, 2012, petitioner Patrick Dionne ("Dionne"), an inmate at the South Bay

House of Correction, filed a self-prepared petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254.  On October 12, 2011, Dionne was sentenced to one year imprisonment by the

Dorchester District Court after conviction for possession of a Class B Substance (cocaine).  See

Commonwealth v. Dionne, 1007cr006947.

In the instant action, Dionne does not challenge his conviction or the sentence imposed;

rather, he challenges the execution of his criminal sentence in that he claims he has not been

given credit for time previously served before sentencing.  On November 13, 2011, Dionne filed

a request in the Dorchester District Court to correct his sentence to account for jail credits for

time in custody before his sentencing.  That request was denied on the ground that he was not

confined prior to conviction.  Dionne then filed a second request in the Dorchester District Court

on July 4, 2012.  He indicates in his petition that this request is still pending.  He further

indicates that he has not presented the grounds for relief in this petition to the highest state court

because he lacks knowledge of procedure and of law.  Additionally, Dionne indicates that he

filed a third motion to correct mittimus to obtain jail credits; however, the status of this third motion is unclear.

Dionne seeks an Order from this Court for his "unconditional release."  He also seeks monetary compensation for every day he remains in custody unlawfully.

He did not pay the $5.00 filing fee or seek a waiver thereof.

## II.    Discussion

### A.    The Filing Fee

As an initial matter, Dionne has not paid the $5.00 filing fee for this habeas petition nor has he sought a waiver thereof.  His failure to do so is grounds for dismissal since a party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).[1]

Although a petitioner who has not paid the filing fee or submitted an application for waiver of the filing fee may be granted additional time to do so, because this action is being dismissed *sua sponte* for the reasons stated below this Court need not afford Dionne additional time to comply with the filing fee requirements noted above.

### B.    Review of the Habeas Petition

Under Rule 4 of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the petition and any attached exhibits that the

---

[1]Any motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 cases.

petitioner is not entitled to relief in the district court," the Court "must dismiss the petition and direct

the clerk to notify the petitioner."  Rule 4; McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas

petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v.

Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254

petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set

forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 855 F. Supp. 444,

446 (D. Mass. 1994); see Eady v. Director, Charleston County Detention Center, 2011 WL 3704225,

*3 (D.S.C. 2011) citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (noting that federal district

courts have a duty to screen habeas petitions and eliminate burden on respondents caused by

ordering an unnecessary answer or return), cert. denied, 400 U.S. 906 (1970).[2]

Here, Dionne's habeas petition must be dismissed *sua sponte* for the reasons set forth below.

---

[2]It is noted that courts have varied on whether to construe a habeas petition by a state prisoner as
one filed pursuant to 28 U.S.C. § 2254 or as one filed under 28 U.S.C. § 2241 when the
petitioner is not seeking to challenge a conviction or sentence.  Here, the distinction makes no
substantive difference for purposes of this Memorandum and Order; nevertheless, this Court
construes this petition as one brought under § 2254.  See Gonzalez-Fuentes v. Molina, 607 F.3d
864, 876 n.9 (1st Cir. 2010) (stating, in relevant part: "Section 2241, which does not contain
many of the hurdles that § 2254 places before habeas petitioners, may be used to attack the
manner in which a sentence is executed, as opposed to the sentence itself"); Muniz v. Sabol, 517
F.3d 29, 33–34 (1st Cir. 2008). Yet even if the substance of the challenge here could
theoretically support jurisdiction under § 2241, the majority view is that prisoners in state
custody are required to comply with all the requirements laid out in § 2254 whenever they wish
to challenge their custodial status, no matter what statutory label the prisoner uses. To do
otherwise would thwart Congress's intent in passing AEDPA. See White v. Lambert, 370 F.3d
1002, 1006–10 (9th Cir.2004) (discussing majority position). But see Montez v. McKinna, 208
F.3d 862, 865 (10th Cir.2000) (stating the minority view that state prisoners need not comply
with § 2254 when attacking the execution of a sentence). We previously adopted the majority
position in an unpublished disposition, see Brennan v. Wall, 100 Fed. Appx. 4, 4–5 (1st
Cir.2004) (per curiam), and we see no reason to abandon it here").

C.      <u>**Failure to Exhaust State Remedies**</u>

Dionne has not set forth a cognizable habeas claim because, as he concedes in his petition, he has not exhausted his state remedies with respect to his request for jail credits. Exhaustion of state remedies is a prerequisite for habeas relief.  <u>See</u> 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the state..."). <u>See</u> 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").[3]

In light of the clear failure of Dionne to exhaust available state remedies, his claims do not, within the four corners of the petition, set forth claims upon which habeas relief may be granted.  Moreover, there is nothing presented in the petition from which this Court reasonably could infer that Dionne is unable to exhaust state remedies.  His purported lack of knowledge of procedure and the law simply is not sufficient to circumvent the state exhaustion requirement.

Accordingly, Dionne's claim for habeas relief is <u>DENIED</u>.

---

[3]To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court.  <u>Josselyn v. Dennehy</u>, 475 F.3d 1, 3 (1st Cir. 2007).  The petitioner must give the state courts "a fair opportunity" to consider his claim. <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir.1988).  That requirement applies to the facts and federal legal theories underlying each claim.  <u>Jackson v. Coalter</u>, 337 F.3d 74, 86 (1st Cir. 2003).

C.    **Dionne May Not Obtain Monetary Damages in a Habeas Petition**

In this habeas petition, Dionne seek both release as well as monetary damages.

Generally, a party only may challenge his custody through a habeas petition and may not also

seek monetary relief.  See Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973) (prisoner

challenging the very fact or duration of his physical imprisonment and seeking determination

that he is entitled to immediate release or speedier release from such imprisonment must proceed

under habeas laws); Allen v. McCurry, 449 U.S. 90, 104 (1980) ("[T]he purpose of [the writ of

habeas corpus] is not to redress civil injury, but to release the applicant from unlawful physical

confinement.").  Because Dionne's primary objective is release from confinement, this Court

will consider this action only as a petition for writ of habeas corpus and not as a civil Complaint

seeking monetary relief.  Thus, any claim for monetary damages in this action is DISMISSED

without prejudice.

**III.    Conclusion**

Based on the foregoing, it is hereby Ordered that:

1.    Petitioner's petition for writ of habeas corpus is DENIED;

2.    Petitioner's claim for monetary relief raised in this habeas petition is DENIED; and

3.    This action is DISMISSED in its entirety.


SO ORDERED.

/s/ Denise J. Casper
Denise J. Casper
U.S. District Judge